## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL COUNSEL BUREAU and PILLSBURY, WINTHROP, SHAW, PITTMAN, LLP,<br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES CENTRAL INTELLIGENCE AGENCY *et al.*,<br><br>    Defendants. | Civil Action No. 09-2269 (JDB) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants United States Central Intelligence Agency ("CIA"), United States Department of Homeland Security ("DHS"), United States Department of Defense ("DOD"), United States Department of Justice ("DOJ") (including the Office of the United States Attorney General ("DOJ-OAG") and the United States Federal Bureau of Investigation ("DOJ-FBI")), Office of the Director of National Intelligence ("ODNI"), and United States Department of State ("DOS") (collectively "defendants"), hereby answer plaintiffs' First Amended Complaint (Docket No. 16) in the following numbered paragraphs, which correspond to the First Amended Complaint's numbered paragraphs.

1. This paragraph is a characterization of plaintiffs' lawsuit and contains legal conclusions to which no response is required. To the extent a response is deemed required, defendants deny the allegations, except to admit that plaintiffs' lawsuit was filed pursuant to the Freedom of Information Act ("FOIA"), and to respectfully refer the Court to 5 U.S.C. § 552 for a full and accurate statement of the statute's contents.

2.  This paragraph contains a characterization of plaintiffs' FOIA requests, to which no response is required.  Defendants respectfully refer the Court to the requests themselves, attached as Ex 1., for the full and accurate contents of the requests.

3.  With respect to the first clause of this sentence, defendants admit.  With respect to the second clause of this sentence, defendants deny.

4.  Defendants admit that President Obama issued a memorandum relating to FOIA dated January 21, 2009 (the "President's FOIA Memorandum").  The remainder of this paragraph contains a characterization of that memorandum, to which no response is required.  Defendants respectfully refer the Court to the memorandum, published at 74 Fed. Reg. 4683 (Jan. 26, 2009), for a full and accurate statement of its contents.

5.  Defendants admit that Attorney General Holder issued a memorandum to the heads of executive departments and agencies relating to FOIA dated March 19, 2009 (the "Attorney General's FOIA Memorandum").  The remainder of this paragraph contains a characterization of that memorandum, to which no response is required.  Defendants respectfully refer the Court to the memorandum, available at www.justice.gov/ag/foia-memo-march2009.pdf, for a full and accurate statement of its contents.

6.  With respect to the first sentence of this paragraph, defendants admit that they have not provided responsive documents to plaintiffs.  With respect to the remainder of this paragraph, defendants deny.

7.  This paragraph contains a characterization of the contents of plaintiffs' FOIA requests, to which no response is required.  Defendants respectfully refer the Court to those requests, attached as Ex. 1, for a full and accurate statement of their contents.

8.  This paragraph contains a characterization of the Attorney General's FOIA

Memorandum, to which no response is required.  Defendants respectfully refer the Court to that memorandum for a full and accurate statement of its contents.

9.   The first sentence of this paragraph contains a characterization of the President's FOIA Memorandum and the Attorney General's FOIA Memorandum, to which no response is required.  With respect to the second sentence of this paragraph, defendants deny.

10.   This paragraph contains a characterization of the relief plaintiffs seek, to which no response is required.  To the extent that a response may be required, defendants deny that plaintiffs are entitled to the requested relief.

11-12.   These paragraphs contains legal conclusions to which no response is required.  To the extent an answer is required, defendant DOD denies; the remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs.

13-14.   These paragraphs contain plaintiffs' characterization of Civil Action No. 08-1063, to which no response is required.

15-16.   Defendant DOD denies; the remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs.

17.   This paragraph contains plaintiffs' characterization of Civil Action No. 08-1063, and plaintiffs' characterization of the contents of a judicial opinion entered in that action, to which no response is required.  To the extent an answer is required, defendant DOD denies; the remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

18.   This paragraphs contains legal conclusions to which no response is required.  To the extent an answer is required, defendants deny.

19.   The first sentence of this paragraph contains a characterization of plaintiffs' FOIA

requests, to which no response is required.  With respect to the remainder of this paragraph,

defendant DOD denies; the remaining defendants are without knowledge or information

sufficient to form a belief as to the allegations of the remainder of this paragraph.

20-21.  These paragraphs contain legal conclusions to which no response is required.  To

the extent an answer is required, defendants deny.

22.  This paragraph contains legal conclusions to which no response is required.

23-24.  Defendants are without knowledge or information sufficient to form a belief as to

the allegations of these paragraphs.

25.  Admit.

26.  Defendants OAG and FBI deny; the remaining defendants admit that they are

agencies within the meaning of 5 U.S.C. § 552(f)(1).

27.  With respect to the first two sentences of this paragraph, defendant DOD admits.

The third sentence contains plaintiffs' characterization of facts unrelated to their legal claims

under the FOIA, to which no response is required.  To the extent and answer is deemed required,

DOD denies.  The remaining defendants are without knowledge or information sufficient to form

a belief as to the allegations of this paragraph.

28.  Defendants are without knowledge or information sufficient to form a belief as to the

allegations of this paragraph.

29-30.  These paragraphs contain plaintiffs' characterization of facts unrelated to their

legal claims under the FOIA, to which no response is required.  To the extent an answer is

deemed required, defendants deny.

31.  Deny.

32.  Admit.

33-34.   These paragraphs contain plaintiffs' characterization of certain habeas corpus litigation filed in the United States District Court for the District of Columbia, to which no response is required.

35.   The first sentence of this paragraph contains plaintiffs' characterization of certain habeas corpus litigation filed in the United States District Court for the District of Columbia, to which no response is required.  The second sentence of this paragraph contains plaintiffs' characterization of the contents of a press release issued by DOJ, to which no response is required.  Defendants respectfully refer the Court to that press release, available at http://www.justice.gov/opa/pr/2009/December/09-ag-1323.html, for a full and accurate statement of its contents.

36.   This paragraph contains plaintiffs' characterization of certain habeas corpus litigation filed in the United States District Court for the District of Columbia, to which no response is required.

37.   Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

38-39.   These paragraphs contains plaintiffs' characterization of a statements contained in press reports, to which no response is required.

40.   Defendant DOS admits to having participated in negotiations with foreign sovereigns regarding the transfer of detainees from Guantanamo, and to possessing documents relating to those negotiations.  Defendant CIA can neither admit nor deny the allegations contained in this paragraph because acknowledging or denying those allegations could itself reveal classified information.  The remaining defendants, upon information and belief, admit to generating or receiving documents related to the negotiations referenced in this paragraph.

41.  Defendants admit that the President issued an Executive Order dated Jan. 22, 2009, concerning a Review and Disposition of Individuals Detained at the Guantanamo Bay Naval Base and Closure of Detention Facilities ("Executive Order 13492").  The remainder of this paragraph contains a characterization of the contents of Executive Order 13492, to which no response is required.  Defendants respectfully refer the Court to the Executive Order, available at 74 Fed. Reg. 4897 (Jan. 27, 2009), for a full and accurate statement of its contents.

42.  With respect to the first sentence of this paragraph, defendants admit that the President issued an Executive Order dated Jan. 22, 2009, concerning Ensuring Lawful Interrogations ("Executive Order 13491"), and defendants respectfully refer the Court to that Executive Order, available at 74 Fed. Reg. 4893 (Jan. 27, 2009), for a full and accurate statement of its contents.  The second sentence of this paragraph contains plaintiffs' characterization of the contents of a press release issued by DOJ, to which no response is required.  Defendants respectfully refer the Court to that press release, available at http://www.justice.gov/opa/pr/2009/August/09-ag-835.html, for a full and accurate statement of its contents.

43.  With respect to the first sentence of this paragraph, defendants admit that the President issued an Executive Order dated Jan. 22, 2009, concerning a Review of Detention Policy Options ("Executive Order 13493"), and defendants respectfully refer the Court to the Executive Order, available at 74 Fed. Reg. 4901 (Jan. 27, 2009), for a full and accurate statement of its contents.  The second sentence of this paragraph contains plaintiffs' characterization of unspecified press reports, to which no response is required.

44.  With respect to plaintiffs' allegation that defendants have participated in the interagency task force created by Executive Order 13491, defendants respectfully refer the Court

to § 5(b) of that Executive Order for a full and accurate statement of the task force's

participants. With respect to plaintiffs' allegation the defendants have participated in the

interagency Review created by Executive Order 13492, defendants respectfully refer the Court to

§ 4(b) of that Executive Order for a full and accurate statement of the Review's

participants. With respect to plaintiffs' allegation the defendants have participated in the

interagency task force created by Executive Order 13493, defendants respectfully refer the Court

to § 1(b) of that Executive Order for a full and accurate statement of the task force's participants.

With respect to the remaining allegations in this paragraph, defendants admit generating or

receiving documents related to the task forces referenced in this paragraph.

45-46.   These paragraphs contains plaintiffs' characterization of a statements contained in

the declaration of Ambassador Clint Williamson, to which no response is required.

47.   Defendant DOS admits to engaging in negotiations regarding arrangements with

foreign sovereigns concerning the transfer of detainees from Guantanamo Bay to foreign nations,

and to possessing documents relating to those negotiations.  Defendant CIA can neither admit nor

deny the allegations contained in this paragraph because acknowledging or denying those

allegations could itself reveal classified information.  The remaining defendants, upon

information and belief, admit to generating or receiving documents related to the negotiations

referenced in this paragraph.

48.   Admit.

49.   Defendant DOS admits to engaging in negotiations regarding the release of detainees

from Guantanamo Bay to foreign nations, and to possessing documents relating to those

negotiations.  Defendant CIA can neither admit nor deny the allegations contained in this

paragraph because acknowledging or denying those allegations could itself reveal classified

information.  The remaining defendants, upon information and belief, admit to generating or receiving documents related to the negotiations referenced in this paragraph.

50.  This paragraph contains a characterization of plaintiffs' FOIA requests, to which no response is required.  Defendants respectfully refer the Court to those requests, attached as Ex. 1, for a full and accurate statement of their contents.

51.  With respect to the first sentence of this paragraph, defendant DOD admits receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOD admits responding to plaintiffs via letter dated May 18, 2009, and DOD respectfully refers the Court to that letter, attached as Ex. 2, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph DOD admits receiving a waiver letter dated June 23, 2009, and  DOD respectfully refers the Court to that letter, attached as Ex. 3, for a full and accurate statement of its contents.  With respect to subsection (c) of this paragraph, DOD admits. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

52.  With respect to the first sentence of this paragraph, defendant DOJ admits receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOJ admits responding to plaintiffs via letter dated May 27, 2009, and DOJ respectfully refers the Court to that letter, attached as Ex. 4, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOJ admits that plaintiffs submitted a waiver via letter on behalf of Mr. Al Kandari to the FBI dated Sept. 16, 2009.  With respect to subsection (c) of this paragraph, DOJ admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

53.  With respect to the first sentence of this paragraph, defendant DOJ-FBI admits

receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOJ-FBI admits responding to plaintiffs via letter dated May 13, 2009, and FBI and DOJ respectfully refer the Court to that letter, attached as Ex. 5, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOJ-FBI admit.  With respect to subsection (c) of this paragraph, DOJ-FBI admits responding to plaintiffs via letter; DOJ-FBI denies that the letter was dated Oct. 17, 2009; DOJ-FBI avers that the letter was dated Oct. 16, 2009; and DOJ-FBI respectfully refers the Court to that letter, attached as Ex. 6, for a full and accurate statement of its contents.  With respect to the first and second sentences of subsection (d) of this paragraph, DOJ-FBI admits responding to plaintiffs via letter dated Nov. 2, 2009, and DOJ-FBI respectfully refer the Court to that letter, attached as Ex. 7, for a full and accurate statement of its contents.  With respect to the third sentence of subsection (d) of this paragraph, FBI and DOJ admit receipt of plaintiffs' appeal letter dated Nov. 18, 2009, and FBI and DOJ respectfully refer the Court to that letter, attached as Ex. 8, for a full and accurate statement of its contents.  With respect to the first sentence of subsection (e) of this paragraph, DOJ-FBI admits responding to plaintiffs via letter dated Nov. 23, 2009, and DOJ-FBI respectfully refer the Court to that letter, attached as Ex. 9, for a full and accurate statement of its contents.  With respect to the second sentence of subsection (e) of this paragraph, DOJ-FBI denies that no further response has been received by plaintiffs.[1]  With respect to subsection (f) of this paragraph, DOJ-FBI

---

[1]  With respect to the first two sentences of this footnote, defendant DOJ-FBI admits receiving plaintiffs' appeal dated Nov. 18, 2009 via facsimile, acknowledging the appeal via letter dated Nov. 23, 2009, and assigning the appeal No. 10-486.  DOJ-FBI further admits receiving a duplicate of plaintiffs' appeal dated Nov. 18, 2009 via certified mail, acknowledging the appeal via letter dated Dec. 1, 2009, and assigning the appeal No. 10-0546.  The remainder of this footnote contains a legal conclusion to which no response is required. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this footnote.

denies. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

54. This paragraph contains a characterization of plaintiffs' FOIA requests, to which no response is required. Defendants respectfully refer the Court to those requests, attached as Ex. 1, for a full and accurate statement of their contents.

55. With respect to the first sentence of this paragraph, defendant DHS admits receiving plaintiffs' FOIA request dated May 8, 2009; DHS further avers to responding to plaintiffs via letter dated May 21, 2009, and DHS respectfully refers the Court to that letter, attached as Ex. 10, for a full and accurate statement of its contents. With respect to subsection (a) of this paragraph, DHS admits responding to plaintiffs via electronic mail dated July 22, 2009, and DHS respectfully refers the Court to that electronic mail, attached as Ex. 11, for a full and accurate statement of its contents. With respect to subsections (b) and (c) of this paragraph, DHS admits receiving a response from plaintiffs via letter dated July 31, 2009, and DHS respectfully refers the Court to that letter, attached as Ex. 12, for a full and accurate statement of its contents. With respect to the fourth and fifth subsections of this paragraph (which the complaint erroneously lists as subsections "b" and "c"), DHS admits responding to plaintiffs via letter dated Sept. 28, 2009, and DHS respectfully refers the Court to that letter, attached as Ex. 13, for a full and accurate statement of its contents. With respect to the sixth subsection of this paragraph (which the complaint erroneously lists as subsection "d"), DHS admits receiving plaintiffs' appeal via letter dated Oct. 12, 2009, and DHS respectfully refers the Court to that letter, attached as Ex. 14, for a full and accurate statement of its contents. With respect to the seventh subsection of this paragraph (which the complaint erroneously lists as subsection "e"), DHS admits. With respect to the first clause of the eighth subsection of this paragraph (which the complaint erroneously

lists as subsection "f"), DHS denies; DHS further avers responding to plaintiffs via letter dated Oct. 21, 2009, and DHS respectfully refers the Court to that letter, attached as Ex. 15, for a full and accurate statement of its contents.  With respect to the second clause of the eighth subsection of this paragraph, DHS admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

56.  With respect to the first sentence of this paragraph, defendant DOD admits receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOD admits responding to plaintiffs via letter dated May 21, 2009; DOD denies it responded via letter; DOD avers that it responded via electronic mail; and DOD respectfully refers the Court to that electronic mail, attached as Ex. 16, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOD admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

57.  With respect to the first sentence of this paragraph, defendant DOJ admits receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOJ admits responding to plaintiffs via letter dated May 27, 2009, and DOJ respectfully refers the Court to that letter, attached as Ex. 4, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOJ denies; DOJ further avers replying to defendants via letter dated June 9, 2009, and DOJ respectfully refers the Court to that letter, attached as Ex. 17, for a full and accurate statement of its contents.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

58.  With respect to the first sentence of this paragraph, defendant DOJ-OAG admits receipt of plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOJ-OAG admits responding to plaintiffs via letter dated June 9, 2009, and DOJ-

OAG respectfully refers the Court to that letter, attached as Ex. 18, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOJ-OAG admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

59.  Defendant DOJ-FBI admits receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOJ-FBI admits responding to plaintiffs via letter dated May 14, 2009, and DOJ-FBI respectfully refers the Court to that letter, attached as Ex. 19, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOJ-FBI admits responding to plaintiffs via letter dated Aug. 11, 2009, and DOJ-FBI respectfully refers the Court to that letter, attached as Ex. 20, for a full and accurate statement of its contents.  With respect to subsection (c) of this paragraph, DOJ-FBI admits; DOJ-FBI further avers responding to plaintiffs via letter dated Sept. 29, 2009, and DOJ-FBI respectfully refers the Court to that letter, attached as Ex. 21, for a full and accurate statement of its contents.  With respect to the fourth subsection of this paragraph (which is erroneously listed as subsection "b"), DOJ-FBI denies; DOJ-FBI further avers responding to plaintiffs via letter dated Nov. 9, 2009, and DOJ-FBI respectfully refers the Court to that letter, attached as Ex. 22, for a full and accurate statement of its contents.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

60.  Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

61.  With respect to the first sentence of this paragraph, defendant ODNI admits receiving plaintiffs' FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, ODNI admits responding to plaintiffs via letter dated June 11, 2009, and ODNI respectfully

refers the Court to that letter, attached as Ex. 23, for a full and accurate statement of its contents. With respect to subsection (b) of this paragraph, ODNI admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

62.  With respect to the first sentence of this paragraph, defendant DOS admits receiving a FOIA request dated May 8, 2009.  With respect to subsection (a) of this paragraph, DOS admits responding to plaintiffs via letter dated June 18, 2009, and DOS respectfully refers the Court to that letter, attached as Ex. 24, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, DOS admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

63.  Defendant DOJ admits receiving plaintiffs' FOIA request dated Sept. 14, 2009.  The remainder of this paragraph contains a description of that request, to which no response is required.  DOJ respectfully refers the Court to the Sept. 14, 2009 request, attached as Ex. 1, pp. 43-45, for a full and accurate statement of its contents.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

64.  Defendant DOJ admits; the remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

65.  With respect to the introductory section of this paragraph, defendant CIA admits receiving plaintiffs' FOIA request dated Sept. 4, 2009.  The remainder of the introductory section of this paragraph contains a description of that request, to which no response is required.  CIA respectfully refers the Court to the Sept. 4, 2009 request, attached as Ex. 1, pp. 48-50, for a full and accurate statement of its contents.  With respect to subsection (a) of this paragraph, CIA admits responding to plaintiffs via letter dated Sept. 23, 2009, and CIA respectfully refers the

Court to that letter, attached as Ex. 25 , for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, CIA admits receiving plaintiffs' administrative appeal via letter dated Oct. 6, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 26, for a full and accurate statement of its contents.  With respect to subsection (c), CIA admits responding to plaintiffs via letter dated Nov. 13, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 27 , for a full and accurate statement of its contents.  With respect to subsection (d) of this paragraph, CIA admits to receiving an administrative appeal from plaintiffs via letter dated Nov. 19, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 28, for a full and accurate statement of its contents.  With respect to subsection (e) of this paragraph, CIA admits.  The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

66.  With respect to the introductory section of this paragraph, defendant CIA admits receiving plaintiffs' FOIA Request dated Sept. 4, 2009.  The remainder of the introductory section of this paragraph contains a description of that request, to which no response is required.  CIA respectfully refers the Court to the Sept. 4, 2009 request, attached as Ex. 1, pp. 52-55, for a full and accurate statement of its contents.  With respect to subsection (a) of this paragraph, CIA admits responding to plaintiffs via letter dated Sept. 24, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 29, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, CIA admits receiving plaintiffs' administrative appeal via letter dated Oct. 7, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 30, for a full and accurate statement of its contents.  With respect to subsection (c), CIA admits responding to plaintiffs via letter dated Oct. 28, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 31, for a full and accurate statement of its contents.  The remaining

defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

67.  With respect to the introductory section of this paragraph, defendant CIA admits receiving plaintiffs' FOIA Request dated Sept. 4, 2009.  The remainder of the introductory section of this paragraph contains a description of that request, to which no response is required. CIA respectfully refers the Court to the Sept. 4, 2009 request, attached as Ex. 1, pp. 60-64, for a full and accurate statement of its contents.  With respect to subsection (a) of this paragraph, CIA admits responding to plaintiffs via letter dated Sept. 24, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 32, for a full and accurate statement of its contents.  With respect to subsection (b) of this paragraph, CIA admits receiving plaintiffs' administrative appeal via letter dated Oct. 8, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 33, for a full and accurate statement of its contents.  With respect to subsection (c), CIA denies; CIA further avers responding to plaintiffs via letter dated Jan. 21, 2009, and CIA respectfully refers the Court to that letter, attached as Ex. 34, for a full and accurate statement of its contents. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

68.  With respect to the first sentence of this paragraph, defendants admit.  The remainder of this paragraph contains a description of the statutory provisions contained at 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii), to which no response is required.

69.  Deny.

70-76.  These paragraphs contain legal conclusions to which no response is required.

77.  Defendants repeat and incorporate by reference their responses to paragraphs 1-76 of the complaint.

78.  Deny.

79.  Defendants repeat and incorporate by reference their responses to paragraphs 1-76 of the complaint.

80.  Deny.

81.  Defendants repeat and incorporate by reference their responses to paragraphs 1-76 of the complaint.

82.  Deny.

The remaining allegations in the Complaint constitute a prayer for relief, to which no response is required.  If a response were required, the allegations are denied.  Defendants further deny that plaintiffs are entitled to any relief demanded in the Complaint, or any relief whatsoever.

Defendants deny all allegations contained in the Complaint that they have not specifically admitted.

## DEFENSES

1.  Records at issue are exempt from disclosure under FOIA.

2.  This Court lacks jurisdiction over FOIA claims asserted against certain defendants.

WHEREFORE, defendants pray that the Court dismiss plaintiffs' suit with prejudice, render judgment that plaintiffs take nothing by this action, and award defendants all other relief to which they are entitled.

Dated: March 12, 2010                     Respectfully submitted,

                                          TONY WEST
                                          Assistant Attorney General

                                          ELIZABETH J. SHAPIRO
                                          Deputy Branch Director

*/s/ Stephen J. Buckingham*
STEPHEN J. BUCKINGHAM
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C.  20530
Tel.     (202) 514-3330
Fax      (202) 616-8470
Stephen.Buckingham@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer to First Amended

Complaint was served on March 12, 2010, by electronic filing to

      Ronald A. Schechter
      Arnold & Porter LLP
      555 12th Street NW
      Washington, DC 2004
      Tel. (202) 942-5160

                     */s/ Stephen J. Buckingham*
                     STEPHEN J. BUCKINGHAM