UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL COUNSEL BUREAU,**<br><br>    Plaintiff,<br><br>    v.<br><br>**U.S. CENTRAL INTELLIGENCE AGENCY, et al.,**<br><br>    Defendants. | Civil Action No. 09-2269 (JDB) |

## ORDER

Before the Court is [18] defendant Executive Office of the President's renewed motion to dismiss for lack of subject matter jurisdiction.[1] International Counsel Bureau ("ICB") filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking, in pertinent part, records from the Executive Office of the President "relat[ing] to current U.S. policy and/or negotiations regarding Guantanamo Bay." Am. Compl. ¶ 54. ICB directed its FOIA request through the Office of Administration in the Executive Office of the President. See Def.'s Mot. at 2; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") [Docket Entry 13], 2.

Although ICB submitted its FOIA request to the Office of Administration, it assures the Court that it does not seek records specifically from the Office of Administration.[2] Rather, it

---

[1] The Executive Office of the President previously filed a motion to dismiss ICB's complaint against it. See Def.'s Mot. to Dismiss ("Def.'s Mot.") [Docket Entry 9]. ICB subsequently amended its complaint, and the Executive Office has renewed its motion to dismiss. See Def.'s Renewed Mot. to Dismiss [Docket Entry 18]. The renewed motion simply "incorporates by reference all arguments contained in" the original motion to dismiss. Id. at 1.

[2] With good reason. "By its terms, FOIA applies only to an 'agency' . . . ." Citizens for Responsibility in Wash. v. Office of Admin., 566 F.3d 219, 222 (D.C. Cir. 2009). The Office of Administration -- the entity to which ICB addressed its FOIA request -- is "not an agency under

asserts that its FOIA request "was sent to [the Office of Administration] . . . not in [the Office's] first-order capacity of direct support to the President, but rather as a mail drop or 'service window' for the entirety of [the Executive Office of the President]." Pl.'s Opp'n at 2. In ICB's view, the Office of Administration's role as the "support office" for the Executive Office of the President renders it "the natural and logical point of contact for a request directed at the [Executive Office of the President] as a whole." Id.

Not so. It is not up to ICB, as a FOIA requester, to craft the administrative rule for submitting FOIA requests seeking records within the Executive Office of the President. There is no established mechanism by which an individual may submit a FOIA request to the Executive Office of the President as a whole -- indeed, the Executive Office as a whole is not a discrete agency for purposes of FOIA. See United States v. Espy, 145 F.3d 1369, 1373 (D.C. Cir. 1998) ("[I]t has never been thought that the whole Executive Office of the President could be considered a discrete agency under FOIA."); Voinche v. Executive Office of the President, Civ. Action No. 06cv1272, 2007 WL 1716811, at *1 (D.D.C. June 12, 2007) ("[T]he Executive Office of the President . . . is not a discrete agency subject to either FOIA or the Privacy Act."). Rather, an individual must submit his request directly to the specific agency within the Executive Office of the President that is the target of the request. 3 C.F.R. § 101.1. And it is clear that the Office of Administration is not an agency subject to FOIA. See note 2 supra. By seeking information from the entire Executive Office of the President through the Office of Administration, ICB has failed to comply with the governing regulations. Therefore, its request for records from the

---

FOIA." Id. at 224. Hence, the Office of Administration would not have to comply with a FOIA request seeking information specifically from it. See id. at 226.

Executive Office of the President, submitted to the Office of Administration, must be dismissed.[3]

Hence, it is hereby

**ORDERED** that defendant Executive Office of the President's motion to dismiss is **GRANTED**, and all claims against it are **DISMISSED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: April 2, 2010

---

[3] Although the Executive Office of the President moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the D.C. Circuit has concluded that where an individual has submitted a FOIA request to an entity that is not an "agency" covered by FOIA, the Court must dismiss the request for failure to state a claim under Rule 12(b)(6). See Citizens for Responsibility in Wash., 566 F.3d at 225.